1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT LUNA, et al.,

Plaintiffs,

v.

GENERAL MOTORS LLC, et al.,

Defendants.

Case No. 24-cv-02753-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

This case concerns the Chevrolet Bolt, an electric car manufactured by Defendant General Motors LLC ("GM").[1] Plaintiffs bought their 2022 Chevrolet Bolt from Gilroy Chevrolet Cadillac, an authorized GM dealer, and aver that after purchasing their car, they learned its battery was defective and posed a risk of fire. Plaintiffs initially filed suit in Santa Clara County Superior Court, and GM removed the case in May 2024 on diversity jurisdiction grounds. In their complaint, Plaintiffs bring three causes of action under the Song-Beverly Consumer Warranty Act (also known as California's "lemon law"), Cal. Civ. Code § 1790, *et seq.*, as well as causes of action for fraud and under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* GM moves to dismiss Plaintiffs' fourth and fifth causes of action for fraud and violation of the UCL, respectively. For the reasons below, GM's motion to dismiss is granted and these causes of action are dismissed with leave to amend.

---

[1] Plaintiffs' complaint also lists as defendants "Does 1 through 10."

United States District Court
Northern District of California

## II. BACKGROUND[2]

Plaintiffs are California residents who purchased a Bolt manufactured by GM on or about June 12, 2022, from Gilroy Chevrolet Cadillac. Plaintiffs bought their Bolt from a dealership—one of 205 GM dealers in California—because GM does not sell its cars directly to the public. At the time they purchased the car, Plaintiffs believed they could safely charge the Bolt, indoors, to 100% of the battery's capacity. They agreed to a warranty contract stating they could contact "dealer management" if they had issues with their Bolt during the warranty period. Dkt. 1-1 ("Compl.") ¶ 7. The Bolt came with an 8-year, 100,000-mile warranty on its battery. The warranty agreement provided that battery capacity-related issues would be assessed by a dealer service technician to determine whether the vehicle remained "within parameters." *Id.* ¶ 8. Any necessary repairs would be performed by a Chevrolet dealer facility while the vehicle remained under warranty.

At the heart of Plaintiffs' complaint is their averment the Bolt "is not safe or functional because the batteries may ignite when they are either fully charged or fall below seventy (70) miles remaining mileage." *Id.* ¶ 17. GM became aware of issues with the Bolt's battery in December 2016. Then, in October 2017, the National Highway Traffic Safety Administration published a warning that lithium ion batteries, like those in the Bolt, can spontaneously ignite when overcharged. Over the next few years, GM implemented programs relating to improving the Bolt's battery performance, but, in March 2019, "became aware of the first battery fire involving the Chevrolet Bolt." *Id.* ¶ 27. Though Plaintiffs purchased their Bolt years later (in June 2022), Plaintiffs maintain they received a letter from a GM official offering to replace their battery in December 2021 and that they relied on this promise until June 2023. Plaintiffs further insist they received a recall notice for their Bolt in 2021.

---

[2] The factual background of this case is based on the well-pled allegations in the complaint, which are taken as true for the purposes of this motion.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Claims sounding in fraud must meet a higher specificity standard. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Averments of fraud "must be accompanied by the who, what, when, where, and how of the misconduct charged" so that defendants "can defend against the charge." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (cleaned up).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the claims alleged in the complaint. Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *See Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all allegations of material fact in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). It must also "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

### IV. DISCUSSION

#### A. Fraud (Fourth Cause of Action)

GM insists Plaintiffs' averments it engaged in fraud (by (1) misrepresenting the Bolt's mileage range and (2) concealing the Bolt's actual range and the dangers allegedly posed by its

1    battery) are not pled with sufficient particularity, among other shortcomings.

2          The elements of a fraud claim in California are "(1) misrepresentation (false

3    representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to

4    defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson*

5    *Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004). Several other courts have considered

6    similar boilerplate complaints filed by counsel for Plaintiffs and rejected various accompanying

7    causes of action, including for fraud, as insufficiently pleaded. *See, e.g.*, *Swearingen v. Gen.*

8    *Motors LLC*, No. 23-cv-4314, 2023 WL 7348309, at *4 (N.D. Cal. Nov. 6, 2023) (dismissing

9    fraud claims asserted in similar complaint containing "boilerplate and conclusory allegations of

10   fraud"); *Rodrigues v. Gen. Motors LLC*, No. 23-cv-4488, 2023 WL 8852740, at *3 (N.D. Cal.

11   Dec. 21, 2023) (similar).

12         Plaintiffs have not pled facts specifying the "who, what, when, where, and how" of GM's

13   alleged misrepresentation or presented anything but conclusory, factually inconsistent allegations

14   to support their theory of the case.[3] Though the Bolt Plaintiffs purchased was a 2022 model,

15   Plaintiffs point to a "marketing brochure for the 2020 Chevrolet Bolt" as a relevant

16   misrepresentation by GM. *See* Compl. ¶ 29. Plaintiffs point, generically, to GM's "marketing

17   strategy," which advertised "competitive mileage capacity," as a misrepresentation later

18   undermined by a recall notice. *See id.* ¶¶ 37, 41. Plaintiffs, however, fail to provide details

19   concerning this "marketing strategy" and the specific representations to which Plaintiffs may have

20   been exposed or when GM issued the recall notice. Indeed, Plaintiffs do not plead any facts with

21   respect to whether GM knew its representations about the 2022 Bolt were false or whether GM

22   intended to defraud Plaintiffs.[4]

23   _____

24   [3] Plaintiffs' timeline of when they purchased the vehicle, received recall notices, and endured
     alleged misrepresentations does not add up. *See* Compl. ¶ 5 (vehicle purchased in June 2022); *id.* ¶
25   32 (claiming Plaintiffs were warned *more than a year earlier*, in a recall notice, about potential
     battery issues).

26   [4] GM seeks judicial notice of the Environmental Protection Agency ("EPA") mileage estimates for
27   2020 to 2022 model year Chevrolet Bolts. Judicial notice is appropriate because the data is not
     subject to reasonable dispute and is publicly available on EPA's website. *See Shah v. GM LLC*,

United States District Court
Northern District of California

Similarly, Plaintiffs' fraudulent concealment theory fails because Plaintiffs do not plead facts that GM knowingly concealed a defect with the 2022 Bolt's battery when Plaintiffs purchased the car. The elements of a fraudulent concealment cause of action are "(1) concealment of a material fact, (2) a duty to disclose, (3) intent to defraud, (4) reliance, and (5) damages." *Kum v. Mercedes-Benz USA, LLC*, No. 20-cv-6938, 2021 WL 2682336, at *2 (N.D. Cal. June 30, 2021) (citing *Jones v. ConocoPhillips Co.*, 198 Cal. App. 4th 1187, 1198 (2011)). Of course, a plaintiff may not be able to specify the circumstances of alleged fraud by omission with the same detail as a false representation claim. *See Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1006 (N.D. Cal. 2020) (noting a plaintiff might not be able to specify the exact time of an omission). Even applying a relaxed pleading standard to Plaintiffs' concealment claim, *see Edwards v. FCA US LLC*, No. 22-cv-1871, 2022 WL 1814144, at *6 (N.D. Cal. June 2, 2022), however, that claim fails. Plaintiffs do not, for instance, make specific averments that GM concealed information about the 2022 model of the Chevrolet Bolt or that GM had fraudulent intent. The complaint instead refers to issues experienced by some Chevrolet Bolts from other model years based on a vague theory of concealment. Accordingly, dismissal of the Plaintiffs' fourth cause of action for fraud to the extent it is premised on a fraudulent concealment theory is also warranted.

GM argues Plaintiffs' fraudulent concealment claim fails as a matter of law such that leave to amend is unwarranted. First, it asserts the economic loss rule bars Plaintiffs' fraudulent concealment claim. District courts have come to different conclusions on this issue, and the California Supreme Court recently heard oral argument addressing it in *Rattagan v. Uber Technologies, Inc.*, 19 F.4th 1188, 1193 (9th Cir. 2021), *req. for cert. granted*, No. S272113. Though *Rattagan* has not yet been decided, an intermediate California appellate court has found the economic loss rule not to apply to fraudulent *inducement* by concealment claims. *See Dhital v.*

No. 23-cv-4319, 2023 WL 8852491, at *4 n.6 (N.D. Cal. Dec. 21, 2023). However, as Plaintiffs' fraudulent misrepresentation claim fails because it is not pled with sufficient particularity, it is unnecessary to address GM's argument that this claim also fails to the extent it is premised on EPA range estimates.

*Nissan N.A., Inc.*, 84 Cal. App. 5th 828, 840–41 (2022) (applying reasoning in *Robinson Helicopter* to conclude fraudulent inducement by concealment not barred by the economic loss rule), *review granted*, 523 P.3d 392 (Cal. 2023); *see also Flier v. FCA US LLC*, No. 21-cv-2553, 2022 WL 16823042, at \*6–7 (N.D. Cal. Nov. 8, 2022) (finding *Dhital* persuasive). To the extent Plaintiffs' claim is properly characterized as a fraudulent inducement (by concealment) claim, California law would seem to preclude application of the economic loss rule. *Robinson Helicopter Co.*, 34 Cal. 4th at 989–90 (permitting tort damages where contracts are fraudulently induced); *see Edwards* 2022 WL 1814144, at \*7 (reasoning that if a fraudulent concealment claim "sounds in inducement," it is not barred); *but see Harmon v. FCA US LLC*, No. EDCV 22-00975 JGB (SPx), 2022 WL 19569538, at \*3–4 (C.D. Cal. Sept. 28, 2022) (finding fraudulent inducement exception, as referenced in *Robinson Helicopter*, limited to affirmative misrepresentation cases).

As the California Supreme Court has not squarely decided whether (or when) fraudulent concealment claims are excepted from the economic loss rule, a federal court sitting in diversity and confronting the question is tasked with "predict[ing] how the state's highest court" might rule. *Clenney v. FCA US LLC*, No. 22-cv-547, 2022 WL 2197074, at \*3 (N.D. Cal. June 20, 2022) (quoting *Murray v. BEJ Minerals, LLC*, 924 F.3d 1070, 1071 (9th Cir. 2019)). In *Clenney*, the district court looked to the California's Supreme Court's recent decisions, decisions from other States' courts, and scholarship in finding the California Supreme Court likely to hold fraudulent inducement by concealment claims not barred by the economic loss rule. Recent California Supreme Court decisions have focused on whether alleged fraud was independent from the underlying contract rather than on the specific brand of fraud involved. *Id.*; *see Robinson Helicopter Co.*, 34 Cal. 4th at 991 (noting "false representation, concealment, [and] nondisclosure" are all examples of misrepresentations without distinguishing between these types; *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 923 (2022) (tort claims barred by economic loss rule where they are "not independent of" underlying contracts). In keeping with this analytical framework, the California Supreme Court is likely to find the economic loss rule does not bar claims for fraudulent inducement by concealment because such concealment is

1    independent from an underlying contract. Dismissal of Plaintiffs' claim as a matter of law is

2    unwarranted. Though Plaintiffs' claim fails, leave to amend is appropriate.

3            Second, GM argues Plaintiffs' fraudulent concealment theory fails as a matter of law

4    because they cannot show GM had a duty to disclose facts to Plaintiffs where Plaintiffs purchased

5    the Bolt from an independent dealership and not directly from GM. "A duty to disclose facts arises

6    only when the parties are in a relationship that gives rise to the duty, such as seller and buyer,

7    employer and prospective employee, doctor and patient, or parties entering into any kind of

8    contractual arrangement." *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 311 (2017) (cleaned

9    up). Dismissal as a matter of law on this basis is inappropriate because the nature of the

10   relationship between Plaintiffs, GM, and the Gilroy Chevrolet Cadillac dealership remains a

11   factual question. Plaintiffs have averred GM backed their purchase of the Bolt from the dealership

12   with an express warranty and that the dealership was GM's authorized agent. *See Dhital*, 84 Cal.

13   App. 5th at 844 (finding such allegations sufficient to plead buyer-seller relationship in fraudulent

14   concealment context); *Swearingen*, 2023 WL 7348309, at *5 (same). It is conceivable Plaintiffs

15   could plead facts establishing a duty to disclose on the part of GM relating to potential vehicle

16   defects.

17       **B.  UCL (Fifth Cause of Action)**

18           Plaintiffs pursue a UCL cause of action under the fraudulent, unlawful, and unfair prongs

19   of California Business and Professions Code § 17200. For the reasons discussed above, Plaintiffs'

20   UCL cause of action under the fraudulent prong fails. To the extent Plaintiffs also pursue a UCL

21   cause of action based on the unlawful or unfair prongs, their opposition to GM's motion to dismiss

22   does not address that claim. Accordingly, Plaintiffs' UCL claim is deemed abandoned. *See Low v.

23   LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012).[5]

24   _____

25   [5] Even had Plaintiffs not abandoned their UCL claim, it would fail. For instance, Plaintiffs do not
     allege they lack sufficient legal remedies such that equitable remedies under the UCL are
26   available. *Compare Rabin v. Google LLC*, No. 22-cv-4547, 2024 WL 1269313, at *3 (N.D. Cal.
     Mar. 26, 2024) (finding UCL claim adequately pleaded where plaintiffs "specifically alleged" a
27   lack of legal remedies and supported that argument).

28

<div style="text-align: left; writing-mode: vertical">United States District Court
Northern District of California</div>

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## V. CONCLUSION

Plaintiffs' fourth and fifth causes of action are dismissed with leave to amend. Plaintiffs are directed to file any amended complaint within 21 days of this order.

**IT IS SO ORDERED**.

Dated: June 24, 2024

RICHARD SEEBORG
Chief United States District Judge